McGEE et al. v. SEARCY et al.    (No. 2871.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1924.)

1. Wills ⬡⟲55(1)—Finding that testatrix mentally capable of executing will sustained.

Evidence *held* to warrant a finding that testatrix was mentally capable of making a will.

2. Wills ⬡⟲50—Extent of mental capacity required to execute will.

One capable of understanding the nature of the instrument; and of comprehending her property, and of recollecting the natural objects of her bounty is competent to make a will.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

Application by Mrs. Tint Searcy and others to probate the will of Mrs. C. A. Smith, deceased, contested by Will J. McGee and others. From a judgment admitting the will to probate, defendants appeal. Affirmed.

J. A. Ward, of Mt. Pleasant, for appellants.
Seb. F. Caldwell, of Mt. Pleasant, for appellees.

LEVY, J. The appellees made application in the probate court to probate the will of their mother, Mrs. C. A. Smith. The will was executed March 23, 1922, and devised all of the property of the testatrix, Mrs. C. A. Smith, equally to her three surviving daughters, who are the appellees here. The appellants, who are grandchildren of Mrs. C. A. Smith, contested the admission to probate of the will, upon the grounds of mental incapacity of the testatrix at the time of the execution of the will, and of undue influence on the part of the beneficiaries inducing the testatrix to devise her property to them. The will was admitted to probate in both the probate and the district courts.

The following are the findings of fact made by the district judge:

"First. I find that Mrs. C. A. Smith, at the time of her death and for many years theretofore, was a resident of Mt. Pleasant, Titus county, Tex.; that she is dead, having died in Mt. Pleasant, Tex., March 24, 1922, leaving the following as her sole surviving heirs: Mrs. Tint Searcy, a daughter, Mrs. C. L. Greer, a daughter, Mrs. Nan Johnson, a daughter, Mrs. Bess Cornelius, a granddaughter, who is the daughter of Mrs. Alice Hargrove, who was a daughter of deceased, Will McGee and Wirt McGee, grandsons, who are sons of Mrs. Sweetie McGee, who was a daughter of deceased, and Ward Smith, a grandson, and son of Dick Smith, who was a son of deceased, and Gertrude Smith, granddaughter, who is a daughter of Dick Smith, who was a son of deceased; the first-named three being the only surviving children of deceased.

"Second. I find that on March 23, 1922, the said Mrs. C. A. Smith, deceased, executed an instrument purporting to be her last will and testament, with the formalities required by law, in the presence of Seb F. Caldwell and Dr. T. S. Grissom, bequeathing all of her property to her three daughters above named.

"Third. I find from the testimony that several weeks prior to the time of the execution of the instrument in conversation with Seb F. Caldwell, who had known deceased from his childhood, she told him that some time in the near future she wanted to make a will willing her property all to her three living daughters; that deceased about one week before her death took violently sick with some kind of toxine poison in her stomach and intestines, suffering from which she lay at her home sometimes in a semiconscious condition, and at other times being conscious. Deceased was very old at the time of her death, but was of a very determined nature, and possessed a great deal of personality and was generally known as one of very stern qualities and very pronounced and determined in her convictions. About 7 o'clock on the morning of March 23, 1922, she had her daughter Mrs. Johnson to send her husband after Judge Seb F. Caldwell, who came, and when he went into the room she knew him and called him to the bed and told him to prepare her will directing that he make it to her children as she had told him several weeks prior, after which Judge Caldwell wrote the will, read it over to her, to which she gave her assent and then signed it in the presence of Dr. T. S. Grissom and Judge

Seb. F. Caldwell, who, in her presence, signed it as witnesses.

"Fourth. I find that deceased, though very old and in a dangerous physical condition at the time she executed the will, knew what she was doing and was able at the time to know and understand the business she was engaged in, the nature and extent of 'her property, which consisted only of one house and lot in Mt. Pleasant, Tex., and that she further understood to whom she desired to bequeath her property."

[1, 2] The only question involved in the appeal is that of whether or not there is sufficient evidence to support the finding of fact that at the time of the execution of the will the testatrix was mentally capable of understanding what she was doing and of intelligent action. We believe that the evidence warrants the findings of fact made by the trial judge. In determining the extent of mental capacity required in executing a will it is sufficient if the testatrix is capable of understanding the nature of the instrument and of comprehending her property and of recollecting the natural objects of her bounty. Trezevant v. Rains (Tex.) 19 S. W. 567.

The judgment is affirmed.